**Tharon ROBERTS, Petitioner— Appellant,**

v.

**M. KNOWLES, Warden, Respondent— Appellee.**

No. 03–15161.

D.C. No. CV–00–04303–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 30, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Lawrence A. Gibbs, Law Office of Lawrence A. Gibbs, Berkeley, CA, for Petitioner–Appellant.

Christopher William Grove, AGCA–Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before PAEZ, BERZON, and BEA, Circuit Judges.

## MEMORANDUM**

Tharon Roberts ("Roberts") appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. §§ 2253 and 1291, and we affirm.[1]

We review *de novo* the district court's ruling denying a 28 U.S.C. § 2254 habeas petition. *See Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). We may affirm on any ground supported by the record even if it differs from the rationale of the district court. *Id.* A defendant claiming ineffective assistance of counsel must demonstrate: (1) that counsel's actions were outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Roberts' claim fails because he cannot show that his trial counsel's actions were outside the wide range of professionally competent assistance. Roberts' petition alleges that his trial counsel was ineffective for failing to object when the prosecutor asked Roberts on cross-examination at least thirty times whether previous witnesses were lying when their testimony conflicted with Roberts' direct testimony. The California Court of Appeal found that this claim failed on *Strickland*'s competence prong because the prosecutor's questions were admissible under California evidence law. *People v. Roberts,* No. A079998, slip op. at 11–12 (Cal.Ct.App. May 19, 1999) (unpublished). As there was no basis for Roberts' attorney to object under California law, her performance was not outside the wide range of professionally competent assistance. *Id.*

Roberts also argues, by analogizing to cases involving direct federal criminal appeals, that the prosecutor's questions were nonetheless patent error and that a competent attorney should have still objected. However, Roberts does not cite, and we could not find, any Supreme Court cases that hold that even in light of the state court's determination that questions posed to a defendant on cross-examination did not violate state evidence law, nonetheless it was incompetent for counsel to not object. *Cf. Crotts v. Smith,* 73 F.3d 861, 866 (9th Cir.1996) (holding that counsel's performance was deficient under *Strickland* for failing to object to "exactly the kind of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the background facts, we do not recite them in detail.

propensity-based inference that Cal.Evid. Code § 1101(a) was designed to exclude"). Indeed, even the cases Roberts relies on, which allege *direct claims* of prosecutorial misconduct for asking questions similar to those at issue here, do not tie that error to a specific constitutional right. *See, e.g., United States v. Richter,* 826 F.2d 206, 208 (2d Cir.1987) (citing two New York state cases in support of its conclusion that "[p]rosecutorial cross-examination which compels a defendant to state that law enforcement officers lied in their testimony is improper").

Because Roberts cannot point to any cases decided by the Supreme Court that support his claim that his trial counsel's performance was deficient under *Strickland,* the California Court of Appeal's rejection of Roberts' claim of ineffective assistance of counsel was neither "contrary to" nor an "unreasonable application of" clearly established Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

**AFFIRMED.**